Glenn L. Moss (State Bar No. 44307)
Ann Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, CA 94541

Tel.510-583-1155
Fax 510-583-1299

Attorneys for Plaintiffs
DEMONFORT CARTER and LEANDRA CARTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMONFORT R. CARTER, and
LEANDRA L. CARTER,

                Plaintiffs

vs

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
MORGAN STANLEY ABS CAPITAL
INC TRUST 2006-HE8, ITS
SUCCESSORS AND/OR ASSIGNS,
OLD REPUBLIC DEFAULT
MANAGEMENT SERVICES, A
DIVISION OF OLD REPUBLIC
NATIONAL TITLE INSURANCE
COMPANY, DOES 1 through 15,

                Defendants

Case No. CV-09-3033-BZ
**SECOND AMENDED
COMPLAINT TO QUIET TITLE
CANCEL TRUSTEE DEED, AND
FOR DAMAGES**

-1-

Plaintiffs, DEMONFORT CARTER and LEANDRA CARTER [Carter] allege:

### GENERAL ALLEGATIONS

### [All Causes of Action and All Defendants]

1. This Court has jurisdiction over the persons and subject matter. The case involves a dispute over title to real property at 18485 Almond Road, Castro Valley California described in greater detail on Exhibit A [the property]. The amount in controversy exceeds $75,000.00. Moreover, there is federal question jurisdiction. In particular, there is a dispute whether defendants breached their obligations to plaintiffs under the Fair Debt Collection Practices Act [FDCPA,15 USC §1692] and the Real Estate Settlement Procedure Act [RESPA, 12 USC §2601 et seq].

2. Plaintiffs, DEMONFORT CARTER and LEANDRA CARTER [Carter] purchased the subject property in August, 2006. In order to complete the purchase, Carter borrowed $925,000.00 from New Century Mortgage Company [New Century]. Pursuant to paragraph 3 in the deed of trust, Carter was required to make his payments directly to New Century and New Century was required to account for the payments made. This made New Century the initial servicer of the loan as that term is defined in RESPA at 12 USC § 2605(i)(3). In 2007, New Century filed for bankruptcy and its rights and obligations in this loan and the deed of trust were transferred to a trustee in bankruptcy.

-2-

3. New Century divided this $925,000.00 into two parts. 80% of this sum was secured by a first deed of trust and the remaining 20% of the $925,000.00 was secured by a second deed of trust on the property. New Century divided the loan into two parts for three purposes: [A] New Century intended to deny Carter the protections of the California anti deficiency legislation such as CCP §580(b), 580(d) and 726; [B] New Century sought to increase its fees and costs; and [C] New Century intended to deny Carter a meaningful and accurate TILA Disclosure Statement which stated in clear and concise language the annual percentage rate, and other critical financial terms of the loan as required by the Truth in Lending Act [15 USC §1601--1666].

4. The entire $925,000.00 was provided in a single escrow which was handled by Financial Title Co. Financial Title Co. was named at the Trustee on the obligation. The note secured by the second deed of trust was falsely identified as a home equity line of credit [HELOC]. However, this obligation was not actually a HELOC since the all of the credit was used to purchase the subject property and there was absolutely no possibility of any open line of credit. In short, the critical attributes of a true HELOC were missing from this obligation.

5. Plaintiffs relied on the TILA Disclosure statement provided to determine whether they could make the payments on this obligation. This reliance proved

-3-

misplaced, and Old Republic Default Management Services [Old Republic] recorded a Notice of Default against the property.

6. At all times relevant, Old Republic lacked authority to record the Notice of Default, Notice of Sale, or to conduct the trustee sale or record a Trustee Deed.

7. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL INC TRUST 2006-HE8, ITS SUCCESSORS AND/OR ASSIGNS [Deutsche Bank], was permitted to make a credit bid at the Trustee Sale conducted by Old Republic. However, Deutsche Bank, never owned either of the notes and was not the Lender..

8. Deutsche Bank has advised plaintiffs that it was assigned at least one of the two deeds of trust by MERS. However, at the time of this alleged assignment, MERS was not authorized to do business in California. The act of buying, selling, transferring and assigning deeds of trust on California real property is a business. Such assignments are void or *ultra vires* if made by a company, like MERS, who was unable to do business in California. A copy of a Certificate of Status confirming this suspension is attached to this First Amended Complaint [Exhibit B].

9. Also, under the governing California law, the deeds of trust are security for performance of the obligations specified. Said deeds of trust cannot be transferred or assigned independently of the underlying

-4-

1  obligations. Plaintiff has never been advised of any
2  transfer or assignment of the actual loan/loans. The
3  transfer of the deed of trust without the note
4  accompanying it is an improper transfer that conveys no
5  meaningful rights. Thus, Deutsche Bank became the owner
6  of the property as a result of the Trustee Deed
7  wrongfully executed by Old Republic.
8      10. Plaintiffs do not know the true names and
9  capacities, whether corporate, associate, or individual,
10 of defendants sued herein as DOE 1 through DOE 15 and,
11 for that reason, has sued said defendants by such
12 fictitious names, and plaintiffs pray leave to insert the
13 true names and capacities of said defendants when the
14 same are ascertained. Plaintiffs are informed and
15 believes, and thereon alleges, that each of the
16 defendants designated herein as a DOE claims an interest
17 in the subject property or is negligently responsible in
18 some manner for the events and happenings referred to and
19 by such negligence or other wrongdoing has proximately
20 caused the wrongful injuries of the plaintiff as herein
21 alleged. The nature or extent of the claims of said DOE
22 defendants in the subject property is not known to
23 plaintiffs.

**FIRST CAUSE OF ACTION**
[Cancellation of Trustee Deed: Against Deutsche Bank]

26     11. Plaintiffs incorporate by reference all the
27 allegations in paragraphs 1 through 10, inclusive, as if
28 set forth in full.

    12. Attached as Exhibit C is a copy of the

-5-

Trustee Deed which was wrongfully signed by Old Republic, and recorded with the Alameda County Recorder. Said deed must be canceled since it falsely notifies the world that plaintiffs no longer have an interest in the subject property.

13. The Trustee Deed is void since Old Republic lacked the authority to conduct the non-judicial trustee sale and no court ever authorized Old Republic to serve as trustee on any of the obligations encumbering the subject property.

14. Moreover, Deutsche Bank did not pay any money to Old Republic as consideration for the Trustee Deed from Old Republic. Deutsche Bank only paid Old Republic its servicing fees for processing the non-judicial foreclosure process and preparing the void Trustee Deed. Thus, it would be inequitable to require Carter to pay Deutsche Bank a substantial sum to buy back Carter's own property. Carter is able and willing to pay the actual owner of the underlying obligation[s] the fair market value of said property as determined by this Court. Carter believes that the appropriate procedure for dealing with this tender issue is set forth in TILA at 15 USC §1635(b). Under this procedure, the creditor must first release its security and cancel the debt. The borrower then pays the creditor the amount determined by the Court to be fair just and equitable. The borrower receives a credit for all money paid, as well as all damages due from the lender, and any equitable offsets

-6-

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

deemed appropriate by the Court. In this case, Carter earns over $12,000.00 per month and is entitled to borrow money for the home with a guaranty from the United States Government, Veterans Administration. This guaranty requires two years elapse from the Carter bankruptcy discharge. As set forth in the Sixth Cause of Action, the unfair business practices of Deutsche Bank pushed Carter into the bankruptcy. Thus, it would be inequitable for Deutsche Bank to use its own wrongful conduct as the basis for concluding Carter was unable to meet any hopethetical tender requirement.

**SECOND CAUSE OF ACTION**
[Quiet Title: Against Deutsche Bank]

15. Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 14, inclusive, as if set forth in full.

16. Plaintiffs are the true owners of the subject property. They acquired the property in August 2006 from Frank P Halican. Plaintiffs acquired a policy of title insurance from Financial Title Co. at this time. This policy provided that plaintiffs were the true owners of said property. The policy also provided that New Century was the lender. Only New Century had the power to substitute trustees on the first and second deeds of trust recorded against said property.

17. As a matter of law, the notes and this power to substitute trustees was transferred to the trustee in bankruptcy in the New Century bankruptcy. On information and belief, plaintiffs allege that this bankruptcy

-7-

trustee never conveyed this right or any other interest in the notes or deeds of trust to Deutsche Bank. This information and belief derives from the fact that plaintiffs never received any notice of the change in the trustee or servicer of the obligations. Said notice is required by the Real Estate Settlement Procedure Act [RESPA 12 USC §2600 et seq].

18. The deeds of trust provide that New Century will comply with all the obligations of RESPA. These obligations pre-empt and supersede any contrary provisions of California law which are less favorable to the borrowers related to the substitution of trustees on deeds of trust. However, the loans were made in California. Thus, Deutsche Bank is also required to comply with the provisions of California law that are more favorable to the borrowers then the provisions of RESPA.

19. Plaintiffs are entitled to a decree of Quiet Title confirming their fee simple interest in the subject property as of the date on the deed prepared by Financial Title Co. in August, 2006. Plaintiffs were not provided a recorded copy of the deed.

### THIRD CAUSE OF ACTION
[RESPA Violations: Against all defendants]

20. Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 19, inclusive, as if set forth in full.

21. Deutsche Bank was named as assignee of the deed of trust[s] without acquiring any interest in the

-8-

underlying obligation[s]. Deutsche Bank then used this position to change the servicer from New Century to Old Republic. Plaintiffs were not notified of this transfer of the servicing rights. Said notification is required by RESPA at 12 USC §2605 and its sub-parts. Also, the transfer was contrary to law since New Century owned the underlying notes and its rights were transferred as a matter of law to its bankruptcy trustee. However, without lawful authority to proceed, Deutsche Bank was servicing the loan and transferred at least some of these servicing obligations to Old Republic. Essentially, Deutsche Bank was the servicer and Old Republic a sub servicer that took instructions from Old Republic.

22. Upon becoming the sub-servicer, Old Republic mailed Carter a notice of default which materially exaggerated the alleged delinquency and default of Carter. Moreover, no accounting was ever provided to Carter to identify the basis for Old Republic's claims of the balance due on the obligation.

23. Plaintiffs have been harmed by said violations. In particular, they failed to receive proper credit for payments made, and were denied the right to reinstate the loan unless they paid the excessive late charges, interest, and fees which were not authorized by the underlying note but which said defendants insisted on receiving. Ultimately, Carter lost the property since they were unwilling to pay the excessive demand for reinstatement made by defendants.

## FOURTH CAUSE OF ACTION
[FDCPA Claim Against Old Republic]

24. At all times relevant, Old Republic was a debt collector as that term is used in FDCPA. In particular, it became the sub-servicer of the security instrument after a default occurred. Moreover, Old Republic was hired after this default for the specific purpose of collecting on the obligation. The principal business of Old Republic is to collect debts which are secured by deeds of trust on real estate in California.

25. 15 USC §1692(a) required Old Republic to send Carter a validation notice. This notice was required to identify the actual creditor [i.e: the actual owner of the obligation] and provide an accurate statement of the full amount due as of the date of the notice. Old Republic breached this obligation and never provided the notice required by this provision of law.

26. Old Republic also recorded a Notice of Default which sought collection of interest, charges, and expenses which were not explicitly authorized by both the underlying obligation and by California law. Seeking to collect such excessive amounts is a violation of 15 USC §1692f(1)

27. Old Republic also engaged in false and misleading representations by asserting it was acting on behalf of the actual owners of the underlying note. Such false and misleading misrepresentations violate 15 USC 1692(e). On information and belief, Carter alleges that neither Old Republic or Deutsche Bank had ownership of

the actual note between Carter and New Century. Neither did Old Republic or Deutsche Bank buy this note from the New Century bankruptcy trustee.

28. Carter was harmed and damaged by said FDCPA violations of defendants. These damages include the statutory damages provided in 15 USC §1692k(a) together with their actual damages, costs and attorney fees. The actual damages are the loss of title to their home since they were deprived of the ability to seek a workout with the actual owner of the underlying obligation. Also, Carter lost the ability to reinstate the loan without payment of unlawful fees, charges, and costs.

### FIFTH CAUSE OF ACTION
[Wrongful Trustee Sale: Against all defendants]

29. Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 28, inclusive, as if set forth in full.

30. Old Republic wrongfully permitted Deutsche Bank to make a credit bid at the trustee sale, despite the fact that this bidder was not the owner of the note or deed of trust which formed the basis for the trustee sale. Old Republic refused to afford any other bidder this privilege of making credit bids. Thus, Deutsche Bank acquired the valuable property of Carter essentially for free.

31. Deutsche Bank and Old Republic breached its obligations to conduct a fair trustee sale. Moreover, on information and belief, plaintiffs allege that Old Republic conspired with Deutsche Bank to deprive

-11-

plaintiffs of their property without just cause and contrary to law.

32. Said wrongful conduct caused substantial harm to plaintiffs as summarized above.

### SIXTH CAUSE OF ACTION
[Unfair Business Practices: Against Old Republic and Deutsche Bank as Trustee]

33. Plaintiffs incorporate by reference all the allegations in paragraphs 1 through 32, inclusive, as if set forth in full.

34. As set forth above, each of the defendants has violated California Business and Professions Code §17200 et seq. This statute generally prohibits and declares unlawful unfair, deceptive or fraudulent business acts or practices. Defendants and each of them breached this statute.

35. Deutsche Bank, as Trustee, sought to secure a deficiency judgment against Carter by taking advantage of the improper structuring of this single purchase money obligation into two separate notes and deeds of trust. Deutsche Bank then ordered Old Republic to commence a non-judicial trustee sale only on the first deed of trust in order to then seek a deficiency judgment. In order to prevent Deutsche Bank from seeking a deficiency judgment in violation of CCP §580(b), Carter sought the protection of the bankruptcy laws. The bankruptcy court discharged the illegal claim for personal liability on the obligation secured by the second deed of trust.

36. Old Republic also engaged in unfair business

-12-

practices in violation of Business & Professions Code §17200 et set. This company agreed to conduct the non-judicial trustee sale as requested by Deutsche Bank, instead of properly considering the entire loan as a single unified purchase money transaction. Thus, Old Republic then issued a trustee deed which referenced only 80% of the entire purchase money obligation. This permitted Deutsche Bank, as Trustee, to improperly commence a breach of contract claim for a deficiency judgment equal to 20% of the entire purchase money debt.

37. Both Old Republic and Deutsche Bank knew or should have known that their was only one purchase money obligation that was secured by two deeds of trust to evade the anti deficiency laws and TILA.

38. Old Republic also engaged in an unfair business practice by denying Carter and all other persons except Deutsche Bank the power to make a credit bid. Also, Old Republic engaged in unlawful, unfair or deceptive practices as summarized in this Complaint.

39. Deutsche Bank also engaged in unfair, unlawful or deceptive business practices by conspiring with Old Republic to expose Carter to a real risk of a substantial deficiency judgment. Carter mitigated these damages by filing for bankruptcy. However, he was compelled to incur attorney fees and sustained damage to his credit rating from these mitigation measures. The amount of these damages is not known at the present time. Also, the ability of Carter to take advantage of his

Veterans Benefits was impaired. In particuler, the VA will not guaranty a home loan for a veteran until two years after the veteran is discharged from bankruptcy.

    WHEREFORE PLAINTIFFS PRAY FOR A JUDGMENT AS FOLLOWS:

    1. For an order canceling the Trustee Deed which conveyed the subject property to defendants.

    2. For an order confirming plaintiffs as the true fee simple absolute owners of the subject property.

    3. For statutory damages for all FDCPA and RESPA violations.

    4. For general damages for all FDCPA and RESPA violations.

    5. For reasonable attorney fees against defendants as provided by FDCPA and RESPA.

    6. For costs of suit.

    7. For such other and further relief as the Court deems just and proper.

DATED: December 5, 2009        MOSS & MURPHY

By _____
    Glen L. Moss

x/carter.com

-14-