Glenn L. Moss (State Bar No. 44307)
Ann Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, CA 94541
Tel.510-583-1155
Fax 510-583-1299

Attorneys for Plaintiffs
DEMONFORT CARTER and LEANDRA CARTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONFORT R. CARTER, and LEANDRA L. CARTER,<br><br>            Plaintiffs<br><br>vs<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL INC TRUST 2006-HE8, ITS SUCCESSORS AND/OR ASSIGNS, OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, A DIVISION OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, DOES 1 through 15,<br><br>            Defendants | Case No. CV09 3033 BZ<br><br>OPPOSITION TO MOTION TO DISMISS [FRCP 12(b)(6)<br><br><br>DATE: Jan 20, 2010<br>TIME: 10:00 A.M.<br>COURT: G [15TH FLOOR SF] |

I
INTRODUCTION

At the December 3, 2009 hearing, the Court observed that Old Republic Default Management Services [Old Republic] was unrepresented. Mr. Moss stated that Old Republic appeared in the case on June 10, 2009, while the cause was in state court. Mr. Finley advised the Court he would contact Pite Duncan regarding the absence of Old Republic. This new Motion to Dismiss raises no

-1-

objections to our FDCPA [15 USC §1692] claim in the Fourth Cause of Action. Presumably, counsel for all defendants concede the adequacy of Carter's claim under the FDCPA. Neither has Old Republic joined the attack on the Business & Professions Code §17200 claim [Sixth Cause of Action] or the RESPA claim [Third Cause of Action].

The Court also expressed concern regarding the adequacy of our claim under the California Unfair Business Practices Act [Business & Professions Code §17200]. The Second Amended Complaint [SAC] reflects our efforts to address the Court's concerns about this claim.

Finally, the Court expressed concern regarding the scope of judicial notice of the documents referenced in the pleadings. It is our position that the court may take judicial notice of the contents of recorded documents or public records if, and only if, the facts are not subject to reasonable dispute [Schwarzer, <u>Federal Proc. Before Trial</u> ¶9:219 at p 9-69 (Rutter Group 2009 citing to <u>Intri-Plex Technologies Inc. v. Crest Group</u> (9th Cir 2007) 499 Fed 3d 1048, 1052]. In this case, there is substantial dispute regarding the contents and truth of representations in of many of the documents attached to this Motion to Dismiss. Thus, the documents must be analyzed separately to determine whether the contents are subject to reasonable dispute.

## II
## FACTUAL SUMMARY

In August, 2006 Mr. and Mrs. Demonfort Carter

-2-

[Carter] acquired a home in Castro Valley as their principal residence. New Century Mortgage Company made a loan of approximately $925,000 to assist Carter in acquiring this home. New Century filed for bankruptcy in 2007 [SAC ¶2:25-27]. At no time did New Century or its bankruptcy trustee notify Carter of an assignment of the loans. Defendant asks the Court to take judicial notice of various documents. None of these documents establish that New Century or its bankruptcy trustee sold the Carter note and deed of trust to Deutsche Bank, MERS, Saxon Mortgage or any other party seeking to dismiss the SAC.

New Century divided this loan into two parts. 80% was secured by a first deed of trust. The other 20% was secured by a second deed of trust. New Century divided the loan in this manner for three reasons: [1] To evade the California anti deficiency laws; [2] To evade, TILA disclosure rules[15 USC §1601 et seq, Truth in Lending Act]; and [3] To increase its fees and costs [SAC ¶3]. All three of these improper purposes constitutes an unfair business practice under the California Unfair and Deceptive Practices Acts [Bus. & Prof Code §17200].

Defendant asks the Court to take judicial notice of the Carter bankruptcy schedules attached to the motion. We have no objection to this request. In particular, Schedule D identifies $185,000.00 as the **"unsecured portion"** of the $925,000.00 debt identified on Schedule D. Schedule D lists the $925,000.00 loan used

-3-

to buy the subject property. This $185,000.00 is the potential deficiency judgment which was discharged by Carter's bankruptcy petition. [Sixth Cause of Action for Unfair Business Practices at ¶35:23-27].

Old Republic conducted an illegal trustee sale for the reasons summarized in the Fourth Cause of Action [¶1-28, inclusive]. Deutsche Bank refuses to cancel its ill gotten Trustee deed. Thus, Carter seeks the cancellation of this Trustee Deed [First Cause of Action]. Carter also seeks a decree of Quiet Title against Deutsche Bank [Second Cause of Action].

Deutsche Bank concedes that Carter has adequately pled claims for relief under each cause of action except for the Bus. & Prof. §17200 claim [Sixth Cause of Action]. However, the motion argues that various public documents establish the claims are invalid. Carter objects to this effort to convert a FRCP 12(b)(6) motion into a Motion for Summary Judgment under FRCP 56. However, the effort fails on the merits for the reasons set forth herein.

### III
### STATUS OF MERS

Deutsche Bank introduced a series of documents that allegedly establish it properly acquired the subject property. These documents are based on purported assignments from MERS or conveyances from a company designated by MERS [Viz: Exhibits 4, 5, 6, 7].

**A. There is a factual dispute which MERS was**

-4-

**nominated by New Century as Beneficiary:** Deutsche Bank seeks to define MERS through a statement from the Delaware Division of Corporations attached as Exhibit 10. This statement states it "IS NOT A STATEMENT OF GOOD STANDING"[emphasis in original]. Neither does Exhibit 10 establish whether MERS has the power to do business in California. Carter objects to the Court taking judicial notice of the contents of Defendant's Exhibit 10.

Carter attached a Certificate of Status from the California Secretary of State related to the MERS identified in Defendant's Exhibit 1 and in the SAC [Exhibit B,. SAC]. This document establishes MERS corporate powers were suspended at all relevant times. There is an obvious factual dispute regarding the status of MERS and whether MERS has the power to do business in California. This dispute cannot be resolved in this FRCP 12(b)(6) motion.

Deutsche Bank establishes its claims exclusively through MERS. It offers no evidence that it purchased the loan from the New Century bankruptcy trustee. Instead, the court responsible for this bankruptcy proceeding approved fraudulent transfer claims in the New Century bankruptcy [<u>In Re: New Century Financial Corporation. (Gold v. Morrice)</u> (C.D. Cal Dec 3 2008) 2008 WL 5147991, 588 Fed Supp 2d 1206]. Thus, it appears their is a factual issue whether Deutsche Bank was the servicer of the loan, as opposed to the owner of the loan before the improper trustee sale.

-5-

**B. MERS lacked the power to substitute trustees:** Neither did New Century or its bankruptcy trustee record a substitution of trustees. Instead, Deutsche Bank and its trustee, Old Republic Default Management Co, recorded a trustee deed. Old Republic was appointed trustee through MERS. However, MERS lacked the capacity to make the appointment. Paragraph 24 of the Deed of Trust provides that only the Lender can change trustees [Defendants Exhibit 1]. The lender is New Century, not MERS.

The motion asks the Court to ignore paragraph 24 of Exhibit 1, and concentrate on the penultimate paragraph on page 3. This is improper. When a document is capable of more then one interpretation or inference, the court must adopt whichever one supports a valid claim [Columbia Natural Resources v. Tatum (6th Cir 1995) 58 Fed 3d 1101, 1109; Pareto v. FDIC (9th Cir 1998) 139 Fed 3d 696, 699]. In this case, Paragraph 24 states it provides the **exclusive** method for substitution of trustees. The penultimate paragraph on page 3 is limited to cases where "law or custom" requires MERS to make the substitution. California is not such a jurisdiction. California will honor the contract of the parties as reflected in paragraph 24 of the deed of trust.

We agree the Court can take judicial notice of the deed of trust because there is no dispute over the contents of the document. The proper interpretation of the agreement is for the finder of fact, at trial or in a

-6-

summary judgment motion. For purposes of this motion, the Court must accept Carter's interpretation.

**C. Exhibit 6 does not establish a lawful assignment of the note and deed of trust by MERS:** Deutsche Bank offers Exhibit 6 to establish it was properly assigned the note and deed of trust by MERS. Plaintiffs agree the Court may take judicial notice of the fact that the document was recorded. The Court should not take judicial notice of the truth of the representations made by Deutsche Bank and its assignee in Exhibit 6. Moreover, this Assignment of Deed of Trust does not support defendant's position for five reasons.

**1. MERS lacked the power to do business in California and transferring notes and deeds of trust is a business:** Contrary to defendant's argument, MERS is not exempt from registration and payment of taxes on the basis of California Corporations Code §191(c)7 and 191(d)(3). MERS does not qualify for either exemption.

Section 191(c)(7) exempts foreign corporations that create evidences of debt or security interests. There is no allegation in the Complaint or the Motion that MERS was "creating" either evidences of debt or security interests. The evidence of the debt and security interest were created by New Century [Exhibit 1, SAC ¶2].

Neither does MERS qualify for exemption under section 191(d)(3). This provision exempts foreign lending institutions enforcing loans by judicial or non-

-7-

1 judicial trustee sales from the California franchise
2 taxes and general corporate taxes.. This exemption
3 applies only to "lending institutions". There is no
4 allegation in the Complaint or the 12(b)(6) Motion that
5 MERS is a "lending institution". The deed of trust
6 attached as Exhibit 1 to the motion identifies New
7 Century as the "Lender". MERS is merely a "nominee" of
8 this lender [Exhibit 1 ¶ E, p3]. Thus, the evidence from
9 defendant supports the SAC allegations that Deutsche Bank
10 acquired title at a wrongful trustee sale [SAC, Fifth
11 Cause of Action].

    **2. MERS is the nominee of New Century and not Saxon Mortgage as alleged in Exhibit 6:** Exhibit 1 provides that MERS is the nominee of the "Lender"[¶E, page 2, Exhibit 1]. The term "Lender" is defined as "New Century Mortgage Corporation [Exhibit 1, ¶C page 1]. Saxon Mortgage Services Inc is not mentioned in Exhibit 1. There is no evidence that the New Century bankruptcy trustee sold this loan to Saxon Mortgage Services.

    **3. Contrary to Exhibit 6, there is no evidence Deutsche Bank is the "present beneficiary":** In fact, this language is contradicted by Exhibit 1. Paragraph E on Exhibit 1 identifies MERS as the beneficiary on the deed of trust pursuant to a nomination from New Century, as Lender. No evidence has been provided to establish that New Century or its bankruptcy trustee ever nominated Deutsche Bank as the "present beneficiary".

    **4. There is no evidence either MERS or Saxon**

-8-

Mortgage ever owned the actual note[s]: The mere fact that Exhibit 6 represents the note was transfered does not make it so. Only the owners can transfer the notes and neither MERS or Saxon Mortgage ever owned the note. These entities cannot transfer ownership of the actual note if they never owned it. This note became an asset of the New Century bankruptcy case. Only the bankruptcy trustee had the power to sell or otherwise transfer this note.

    5. **The Court should not take judicial notice of the truth of representations in Exhibit 6:** Exhibit 6 is obviously a form document. It refers to the "note or notes therein created and secured thereby". Thus, it is unclear whether this assignment allegedly conveyed both notes, or only one of the two notes created in the initial transaction [Cf: SAC ¶2-5]. The Court should not take judicial notice of the contents of this document. Exhibit 6, itself, is ambiguous regarding what obligations were allegedly conveyed. Moreover, there is nothing in the document to indicate any value was paid for this transfer.

    In these circumstances, the Court can take judicial notice that the document was recorded and that the contents represent the views of defendants. However, the Court should NOT take judicial notice of the truth of the representations in this document [In re: Silicon Graphics (9th Cir 1999) 183 Fed 3d 970, 986; Bryant v. Avado Brands Inc (11th Cir 1999) 187 Fed 3d 1271, 1278;

-9-

Lovelace v Software Spectrum Inc (5th Cir 1996) 78 Fed 3d 1015, 1017-1018]. The truth of the representations in Exhibit 6 are contested and ambiguous. Evidence will be required to determine the truth of the views stated.

## IV
## STATUS OF DEUTSCHE BANK AS SERVICER SUBJECT TO RESPA

For each of the reasons set forth in section III, a factual issue exists whether Deutsche Bank is the true owner or is merely a servicer. The term "servicer" includes the person who makes or holds the loan [RESPA Definition at 12 USC §2605(i)(2)]. Deutsche Bank identifies itself in this case exclusively as a trustee of marketable securities for which the New Century loans are collateral. Deutsche Bank services the New Century loan for the actual owners. Thus, Deutsche Bank meets the definition of a servicer in RESPA [12 USC §2605(i)(3)]. The Third Cause of Action explains how Deutsche Bank and its sub-servicer, Old Republic, breached their obligations under RESPA. Deutsche Bank raises no objections to the adequacy of our pleading related to this cause of action.

Moreover, this lawsuit also names Old Republic Default Management Services as a defendant [Old Republic]. It is undisputed that Old Republic was servicing the loan when it was attempting to collect the payments from Carter. It is also undisputed that Deutsche Bank was responsible for providing the servicing job to Old Republic. Thus, Old Republic was a sub-

-10-

servicer of Deutsche Bank.

Thus, it is undisputed that Carter has stated a claim against both Deutsche Bank and Old Republic for violating their obligations as a servicer under RESPA.

## V
## CARTER HAS PROPERLY ALLEGED A VIOLATION OF CALIFORNIA UNFAIR BUSINESS PRACTICES ACT [B&P §17200].

These loans were originated without regard to the ability of Carter to pay off the loan. In 2008 the Federal Reserve officially declared this conduct an unfair and deceptive practice [73 Fed Reg 1672 (January 9, 2008]. Such conduct is a violation of 15 USC §1639(h); Reg Z §226.32(e)(1)]. Also, the loans were structured in such a way to violate the California anti deficiency laws [Complaint ¶3]. Carter submits that they have alleged the unfair business practices with sufficient particularity. Initially, New Century structured the loan to avoid TILA disclosure rules, the California Anti Deficiency laws and to recover excessive fees.

Deutsche Bank, then took steps to implement the illegally structured loan. In particular, it ordered Old Republic to record a Notice of Default on 80% of the obligation. This exposed Carter to a potential deficiency judgment for the other 20%, equal to about $185,000.00. This $185,000.00 obligation became an unsecured debt upon which Deutsche bank could seek a judgment. [SAC ¶35]. Carter mitigated his damages by filing for bankruptcy, thereby avoiding this potential liability for a $185,000.00 deficiency judgment [SAC ¶

-11-

39]. The bankruptcy schedule listed this $185,000.00 as the "unsecured portion" of the $925,000.00 debt [See Schedule D and summary on Exhibit 9].

Carter is entitled to restitution of the money paid to mitigate these damages [Shersher v. Sup Ct (2007 2nd Dist) 2007 Cal App LEXIS 1492-- holding the customer's recovery of restitution from a manufacturer was not conditioned on a direct payment between the manufacturer and the customer. It was sufficient that the money was paid based on the unfair business practices alleged in the Complaint].

Old Republic improperly followed orders from Deutsche Bank [SAC ¶ 37]. Old Republic wrongfully allowed Deutsche Bank to make a credit bid [SAC ¶ 38].

Carter can recover damages for these unfair business practices. In particular, plaintiff can allege a claim for legal and equitable remedies as a violation of the California Unfair and Deceptive Practices Act [Bus & Prof. §17200 Washington Mutual v. Sup Ct (1999) 75 Cal App 3d 773, 89 Cal Rptr 2d 560].

Finally, Deutsche Bank cites In re: Tobacco II Cases (May 2009) 46 Cal 4d 298, ____ Cal Rptr 3d ____ for the proposition that "damages cannot be recovered" [P&A 9: 18]. This case does not support this position. The Supreme Court summarized the issues being resolved as follows:

> On review, we address two questions. First, who in a UCL class action must comply with Proposition 64's standing requirements.

-12-

> ...Second, what is the causation requirement for purposes of establishing standing under the UCL, and in particular what is the meaning of the phrase "as a result of" in section 17204?
>
> In re: Tobacco II Cases, supra at 46 Cal 4d 306.

It is undisputed that the instant case is not a class action. Moreover, the case raises no issues related to standing requirements. Carter has alleged specific monetary damages which were directly caused by the alleged unfair, deceptive or fraudulent business practices of each defendant.

## VI
## CONCLUSION

For the reasons stated, the motion to dismiss should be denied. Both Deutsche Bank as Trustee and Old Republic should be required to file responsive answers to the Second Amended Complaint.

DATED: December 29 2009.                    MOSS & MURPHY

                                            By _____
                                                    Glen L Moss

x/carter.fed

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-13-