UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEMONFORT R. CARTER and LEANDRA L. CARTER, <br><br> Plaintiff(s), <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al., <br><br> Defendant(s). | No. C09-3033 BZ <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs filed this action to prevent defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital, Inc. Trust 2006-HE8's ("defendant") from foreclosing on their property.[1] Defendant has moved under Rule 12(b)(c) to dismiss four of plaintiffs' causes of action alleged in the Second Amended Complaint ("complaint").[2]

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[2] Concurrent with the motion to dismiss, defendant filed a request for judicial notice of ten documents. The Court takes judicial notice of Exhibit 1, the Deed of trust. Plaintiffs did not object to the request for judicial notice of

1

Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," such that a right to relief is raised "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, (2007). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). The Court may also rely on documents which are alleged in the complaint and are properly the subject of judicial notice. See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

From the facts alleged in the complaint and facts which were judicially noticed, it appears that plaintiffs borrowed $925,000 from New Century Mortgage Company and secured 80% of the loan with a Deed of Trust on a piece of real property in Castro Valley. The remaining 20% was secured by a second deed of trust. The "Trustee" was Financial Title Company and the "Beneficiary" was Mortgage Electronic Registration Systems, Inc. or "MERS."

Plaintiffs fell into arrears on their mortgage payments. At New Century's request, Old Republic, whom MERS substituted in as Trustee, recorded a notice of default. Plaintiffs failed to cure the default, resulting in a Trustee's sale, at which Deutsche Bank, to whom MERS had assigned the Deed of

---

this document and repeatedly referenced this document in their complaint. The Court declines to take judicial notice of exhibits 2-10 as they are not relevant to the dispositive issue in this motion.

2

trust, purportedly acquired the property.  Deutsche Bank then initiated foreclosure proceedings against plaintiffs, leading to this suit.

Defendant's motion to dismiss the first, second, and fifth causes of action turns on whether MERS, a non-party, had the ability to substitute Old Republic as trustee and assign the Deed of Trust to defendant.[3]  Plaintiffs allege that MERS could not take either action because at all relevant times it was a California corporation and its corporate status was "Suspended" according to the California Secretary of State.  Any actions that MERS took would therefore be ultra vires and void.[4]

Defendant does not dispute MERS's suspension in California.  Instead, defendant claims first that MERS is a Delaware corporation in good standing, relying on what it identifies as a print out from the Delaware Secretary of State's website, of which I am asked to take judicial notice for the truth of its contents.  There are several problems with what defendant proposes.  Defendant's printout is not a document which plaintiffs referenced in the complaint.  To the contrary, they attached a document from the California Secretary of State which states the MERS is a "Domestic Corporation."  Since the Delaware document is not referenced

---

[3] Earlier, defendant had claimed that the complaint was defective because it violated the "tender" rule.  Having declined to submit further briefing on this issue, defendant's argument is rejected for reasons given at the earlier hearing.

[4] Since plaintiffs assume, and defendant does not dispute, that an action performed by a suspended corporation is void, the Court does not address that issue.

3

in the complaint, and since there appears to be a dispute over the status of MERS, this is not a matter which I can properly resolve on a motion to dismiss. Moreover the Delaware document itself states that "This is not a statement of good standing," so that even if the document were properly before me, I would not accept it for the truth of the fact that MERS is a Delaware corporation in good standing.

Defendant next contends that plaintiffs have admitted that MERS is a Delaware corporation when they referred to the Deed of Trust in their complaint, since it recites that MERS is a Delaware corporation. Defendant has cited no authority, and the Court is aware of none, for the proposition that a plaintiff whose suit is premised on what appears to be a contract of adhesion, is deemed to have admitted the truth of every fact that is recited in the contract. Given the significance that MERS' status has for many of the claims raised in the complaint, it is better resolved pursuant to Rule 56 on a proper evidentiary record.

Defendant goes on to argue that even if MERS were a foreign corporation which had been suspended in California, its corporate status in California is irrelevant, relying on provisions of the California Corporations Code which permit foreign corporations to transact certain business in California without qualifying to do business in California. Defendant initially relies on California Corporations Code § 191(c)(7) which states that a foreign corporation shall not be considered as doing business in this state based on "creating evidences of debt or mortgages, liens or security

4

interests on real or personal property." Defendant contends that when MERS assigned the Deed of Trust to Deutsche Bank or when, as beneficiary under the Deed of Trust, MERS named a successor trustee, it was creating such evidences. Neither side has pointed to any authority on what this phrase means. However, it seems clear that whatever "creating evidences" means, it is something other than the assignment of loans. The plain meaning of the term is to create evidence of a transaction, such as an assignment, not to engage in the transaction itself. See U.S. v. Mohrbacher, 182 F.3d 1041, 1048 (9 Cir. 1999)(undefined statutory term should be construed according to its ordinary meaning). Moreover, the Legislature provided in §191(d)(1) that a foreign lending institution is not doing business in California solely by "assignment of loans *** if those activities are carried on from outside the state by the lending institution." Obviously if the act of assignment was the same as creating evidence of the assignment, §(d)(1) would have been unnecessary. U.S. v. Mohrbacher, supra, at 1050 (statute should not be construed to make any provision surplus). See Champlaie v. BAC Home Loans Servicing, LP, 2009 WL 3429622, *10-11 (E.D.Cal. 2009) (holding that based on the complaint, MERS could not invoke sections 191(c)(7) and (d)(3) to exempt itself from the registration requirement).[5] The complaint alleges that MERS

---

[5] The Court is aware of decisions that have held differently. See Swanson v. EMC Mortg. Corp., 2009 WL 3627925, *9 (E.D.Cal. 2009) (finding that MERS properly acted as a beneficiary under Corporations Code sections 191(c)(7) and (d)(3)); Lomboy v. SCME Mortg. Bankers, 2009 WL 1457738, *3 (N.D.Cal. 2009) (same). However, neither decision addressed

5

"assigned" a deed of trust to defendant without legal authority. Compl. ¶ 8. Section 191(c)(7) does not exempt assignment of mortgages. Section (d)(3), which does apply to assignments, would only apply to MERS if it were a "foreign lending institution," which is not claimed by defendant. Based on the allegations of the complaint, plaintiffs have stated a claim that MERS did not have the authority to substitute Old Republic in as trustee or assign the Deed of Trust to defendant. Therefore, plaintiffs have stated a claim in their first, second, and fifth causes of action.[6]

Defendant also moved to dismiss plaintiffs' sixth cause of action for violation of California's Unfair Business Practices Act.[7] Cal. Bus. & Prof. Code §17200 et seq. The essence of this claim is that New Century, the original lender, structured the loan to try to avoid California's anti-deficiency laws and that Deutsche Bank, with knowledge of what New Century had done, implemented the practice that New Century had originated. The effect of this practice was to

---

the threshold issues of (1) whether MERS's activities solely constituted "creating evidences of debt or mortgages" under Section 191(c)(7) or (2) whether MERS qualifies as a "foreign lending institution" under Section 191(d)(3).

[6] Because I have found that plaintiffs have adequately pled that MERS could not conduct business in California, I do not need to reach defendant's argument that plaintiffs specifically contracted with MERS to allow the allegedly unlawful substitutions.

[7] Unfair business practice is defined "very broadly" and includes "anything that can be called a business practice and that at the same time is forbidden by law." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000) citing Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377 (1992).

6

expose plaintiffs to the risk of a substantial deficiency judgment and force plaintiffs to incur attorney's fees and sustain other damages. At oral argument, defendant asserted that it has not sought a deficiency judgment from plaintiffs and does not believe that it is legally capable of doing so. The plaintiffs did not dispute this assertion. Under these circumstances, even assuming that the practice of which plaintiffs complain violates § 17200, plaintiffs would be entitled to no injunctive relief and to no monetary damages. See <u>Bank of the West v. Superior Court</u>, 2 Cal.4th 1254, 1266, (1992) (damages are not available for a violation of the Unfair Business Practices Act). The motion to dismiss the sixth cause of action as to Deutsche Bank is therefore **GRANTED.**

For the foregoing reasons **IT IS ORDERED** that defendant's motion to dismiss the first, second, and fifth causes of action is **DENIED.** The sixth cause of action is **DISMISSED** as to this defendant. Defendant is **ORDERED** to file an answer by **FEBRUARY 5, 2010.**

Dated: January 27, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CARTER V. DEUTSCHE BANK\ORDER DENYING MOT TO DISMISS V2.wpd