1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  DEMONFORT R. CARTER and        )
    LEANDRA L. CARTER,             )
12                                 )    No. C09-3033 BZ
              Plaintiff(s),        )
13                                 )    **ORDER GRANTING IN PART AND**
         v.                        )    **DENYING IN PART DEFENDANT'S**
14                                 )    **MOTION TO DISMISS**
    DEUTSCHE BANK NATIONAL TRUST   )
15  COMPANY, AS TRUSTEE, et al.,)  )
                                   )
16                                 )
              Defendant(s).        )
17  _____)

18        Plaintiffs filed this action to prevent defendant

19  Deutsche Bank National Trust Company, as Trustee for Morgan

20  Stanley ABS Capital, Inc. Trust 2006-HE8's ("defendant") from

21  foreclosing on their property.[1]  Defendant has moved under

22  Rule 12(b)(c) to dismiss four of plaintiffs' causes of action

23  alleged in the Second Amended Complaint ("complaint").[2]

24  ─────────────────────

25        [1]    All parties have consented to my jurisdiction for all
    proceedings including entry of final judgment, pursuant to 28
26  U.S.C. § 636(c).

27        [2]    Concurrent with the motion to dismiss, defendant
    filed a request for judicial notice of ten documents.  The
28  Court takes judicial notice of Exhibit 1, the Deed of trust.
    Plaintiffs did not object to the request for judicial notice of

                                    1

1    Dismissal pursuant to Rule 12(b)(6) is appropriate if the

2  plaintiff is unable to articulate "enough facts to state a

3  claim to relief that is plausible on its face," such that a

4  right to relief is raised "above the speculative level." Bell

5  Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, (2007). When

6  evaluating a motion to dismiss, the court accepts the facts as

7  stated by the nonmoving party and draws all reasonable

8  inferences in its favor.  See Everest & Jennings, Inc. v. Am.

9  Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994).  The

10  Court may also rely on documents which are alleged in the

11  complaint and are properly the subject of judicial notice.

12  See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

13    From the facts alleged in the complaint and facts which

14  were judicially noticed, it appears that plaintiffs borrowed

15  $925,000 from New Century Mortgage Company and secured 80% of

16  the loan with a Deed of Trust on a piece of real property in

17  Castro Valley.  The remaining 20% was secured by a second deed

18  of trust.  The "Trustee" was Financial Title Company and the

19  "Beneficiary" was Mortgage Electronic Registration Systems,

20  Inc. or "MERS."

21    Plaintiffs fell into arrears on their mortgage payments.

22  At New Century's request, Old Republic, whom MERS substituted

23  in as Trustee, recorded a notice of default.  Plaintiffs

24  failed to cure the default, resulting in a Trustee's sale, at

25  which Deutsche Bank, to whom MERS had assigned the Deed of

26

27  this document and repeatedly referenced this document in their
complaint.  The Court declines to take judicial notice of

28  exhibits 2-10 as they are not relevant to the dispositive issue
in this motion.

1  trust, purportedly acquired the property.  Deutsche Bank then

2  initiated foreclosure proceedings against plaintiffs, leading

3  to this suit.

4      Defendant's motion to dismiss the first, second, and

5  fifth causes of action turns on whether MERS, a non-party, had

6  the ability to substitute Old Republic as trustee and assign

7  the Deed of Trust to defendant.[3]  Plaintiffs allege that MERS

8  could not take either action because at all relevant times it

9  was a California corporation and its corporate status was

10  "Suspended" according to the California Secretary of State.

11  Any actions that MERS took would therefore be ultra vires and

12  void.[4]

13      Defendant does not dispute MERS's suspension in

14  California.  Instead, defendant claims first that MERS is a

15  Delaware corporation in good standing, relying on what it

16  identifies as a print out from the Delaware Secretary of

17  State's website, of which I am asked to take judicial notice

18  for the truth of its contents.  There are several problems

19  with what defendant proposes.  Defendant's printout is not a

20  document which plaintiffs referenced in the complaint.  To the

21  contrary, they attached a document from the California

22  Secretary of State which states the MERS is a "Domestic

23  Corporation."  Since the Delaware document is not referenced

24  _____

25      [3]    Earlier, defendant had claimed that the complaint was
    defective because it violated the "tender" rule.  Having
26  declined to submit further briefing on this issue, defendant's
    argument is rejected for reasons given at the earlier hearing.

27      [4]    Since plaintiffs assume, and defendant does not
    dispute, that an action performed by a suspended corporation is
28  void, the Court does not address that issue.

1    in the complaint, and since there appears to be a dispute over
2    the status of MERS, this is not a matter which I can properly
3    resolve on a motion to dismiss.  Moreover the Delaware
4    document itself states that "This is not a statement of good
5    standing," so that even if the document were properly before
6    me, I would not accept it for the truth of the fact that MERS
7    is a Delaware corporation in good standing.
8         Defendant next contends that plaintiffs have admitted
9    that MERS is a Delaware corporation when they referred to the
10   Deed of Trust in their complaint, since it recites that MERS
11   is a Delaware corporation.  Defendant has cited no authority,
12   and the Court is aware of none, for the proposition that a
13   plaintiff whose suit is premised on what appears to be a
14   contract of adhesion, is deemed to have admitted the truth of
15   every fact that is recited in the contract.  Given the
16   significance that MERS' status has for many of the claims
17   raised in the complaint, it is better resolved pursuant to
18   Rule 56 on a proper evidentiary record.
19        Defendant goes on to argue that even if MERS were a
20   foreign corporation which had been suspended in California,
21   its corporate status in California is irrelevant, relying on
22   provisions of the California Corporations Code which permit
23   foreign corporations to transact certain business in
24   California without qualifying to do business in California.
25   Defendant initially relies on California Corporations Code
26   § 191(c)(7) which states that a foreign corporation shall not
27   be considered as doing business in this state based on
28   "creating evidences of debt or mortgages, liens or security

4

1  interests on real or personal property."  Defendant contends

2  that when MERS assigned the Deed of Trust to Deutsche Bank or

3  when, as beneficiary under the Deed of Trust, MERS named a

4  successor trustee, it was creating such evidences.  Neither

5  side has pointed to any authority on what this phrase means.

6  However, it seems clear that whatever "creating evidences"

7  means, it is something other than the assignment of loans.

8  The plain meaning of the term is to create evidence of a

9  transaction, such as an assignment, not to engage in the

10  transaction itself.  See <u>U.S. v. Mohrbacher</u>, 182 F.3d 1041,

11  1048 (9 Cir. 1999)(undefined statutory term should be

12  construed according to its ordinary meaning).  Moreover, the

13  Legislature provided in §191(d)(1) that a foreign lending

14  institution is not doing business in California solely by

15  "assignment of loans *** if those activities are carried on

16  from outside the state by the lending institution."  Obviously

17  if the act of assignment was the same as creating evidence of

18  the assignment, §(d)(1) would have been unnecessary.  <u>U.S. v.</u>

19  <u>Mohrbacher</u>, supra, at 1050 (statute should not be construed to

20  make any provision surplus).  See <u>Champlaie v. BAC Home Loans</u>

21  <u>Servicing, LP</u>, 2009 WL 3429622, *10-11 (E.D.Cal. 2009)

22  (holding that based on the complaint, MERS could not invoke

23  sections 191(c)(7) and (d)(3) to exempt itself from the

24  registration requirement).[5]  The complaint alleges that MERS

25  _____

26  [5]     The Court is aware of decisions that have held differently.  <u>See Swanson v. EMC Mortg. Corp.</u>, 2009 WL 3627925,

27  *9 (E.D.Cal. 2009) (finding that MERS properly acted as a beneficiary under Corporations Code sections 191(c)(7) and

28  (d)(3)); <u>Lomboy v. SCME Mortg. Bankers</u>, 2009 WL 1457738, *3 (N.D.Cal. 2009) (same).  However, neither decision addressed

1  "assigned" a deed of trust to defendant without legal

2  authority.  Compl. ¶ 8.  Section 191(c)(7) does not exempt

3  assignment of mortgages.  Section (d)(3), which does apply to

4  assignments, would only apply to MERS if it were a "foreign

5  lending institution," which is not claimed by defendant.

6  Based on the allegations of the complaint, plaintiffs have

7  stated a claim that MERS did not have the authority to

8  substitute Old Republic in as trustee or assign the Deed of

9  Trust to defendant.  Therefore, plaintiffs have stated a claim

10  in their first, second, and fifth causes of action.[6]

11     Defendant also moved to dismiss plaintiffs' sixth cause

12  of action for violation of California's Unfair Business

13  Practices Act.[7] Cal. Bus. & Prof. Code §17200 et seq.  The

14  essence of this claim is that New Century, the original

15  lender, structured the loan to try to avoid California's anti-

16  deficiency laws and that Deutsche Bank, with knowledge of what

17  New Century had done, implemented the practice that New

18  Century had originated.  The effect of this practice was to

19

20  ─────────────

   the threshold issues of (1) whether MERS's activities solely
21  constituted "creating evidences of debt or mortgages" under
   Section 191(c)(7) or (2) whether MERS qualifies as a "foreign
   lending institution" under Section 191(d)(3).
22

23     [6]  Because I have found that plaintiffs have adequately
   pled that MERS could not conduct business in California, I do
24  not need to reach defendant's argument that plaintiffs
   specifically contracted with MERS to allow the allegedly
   unlawful substitutions.
25

26     [7]  Unfair business practice is defined "very broadly"
   and includes "anything that can be called a business practice
27  and that at the same time is forbidden by law."  Chabner v.
   United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir.
   2000) citing Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th
28  377 (1992).

1    expose plaintiffs to the risk of a substantial deficiency

2    judgment and force plaintiffs to incur attorney's fees and

3    sustain other damages.  At oral argument, defendant asserted

4    that it has not sought a deficiency judgment from plaintiffs

5    and does not believe that it is legally capable of doing so.

6    The plaintiffs did not dispute this assertion.  Under these

7    circumstances, even assuming that the practice of which

8    plaintiffs complain violates § 17200, plaintiffs would be

9    entitled to no injunctive relief and to no monetary damages.

10   See <u>Bank of the West v. Superior Court</u>, 2 Cal.4th 1254, 1266,

11   (1992) (damages are not available for a violation of the

12   Unfair Business Practices Act).  The motion to dismiss the

13   sixth cause of action as to Deutsche Bank is therefore

14   **GRANTED.**

15        For the foregoing reasons **IT IS ORDERED** that defendant's

16   motion to dismiss the first, second, and fifth causes of

17   action is **DENIED.**  The sixth cause of action is **DISMISSED** as

18   to this defendant.  Defendant is **ORDERED** to file an answer by

19   **FEBRUARY 5, 2010.**

20   Dated: January 27, 2010

21                              Bernard Zimmerman
22                         United States Magistrate Judge

23

24   G:\BZALL\-BZCASES\CARTER V. DEUTSCHE BANK\ORDER DENYING MOT TO DISMISS V2.wpd

25

26

27

28

7