UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONFORT R. CARTER and LEANDRA L. CARTER,<br><br>        Plaintiff(s),<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, et al.,<br><br>        Defendant(s). | No. C09-3033 BZ<br><br>**ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: **Tuesday, 2/1/2011, 3 days**

Pretrial Conference: **Tuesday, 1/18/2011, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 11/17/2010**

Last Day for Expert Discovery: **Friday, 10/8/2010**

Last Day for Rebuttal Expert Disclosure: **Friday, 10/1/2010**

Last Day for Expert Disclosure: **Friday, 9/24/2010**

1

Close of Non-expert Discovery: **Friday, 9/17/2010**

2.   DISCLOSURE AND DISCOVERY

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute. Exchanging letters or telephone messages about the dispute is insufficient. The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute. Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference. The Court will contact the parties to schedule the conference.

3.   MOTIONS

1    Consult Civil Local Rules 7-1 through 7-5 and this
2 Court's standing orders regarding motion practice.  Motions
3 for **summary judgment** shall be accompanied by a statement of
4 the material facts not in dispute supported by citations to
5 admissible evidence.  The parties shall file a joint statement
6 of undisputed facts where possible.  If the parties are unable
7 to reach complete agreement after meeting and conferring, they
8 shall file a joint statement of the undisputed facts about
9 which they do agree.  Any party may then file a separate
10 statement of the additional facts that the party contends are
11 undisputed.  A party who without substantial justification
12 contends that a fact is in dispute is subject to sanctions.
13    In addition to **lodging** a Chambers copy of all papers, a
14 Chambers copy of all briefs shall be e-mailed in WordPerfect
15 or Word format to the following address:
16 bzpo@cand.uscourts.gov.
17 4.   SETTLEMENT
18    This case is referred for assignment to a Magistrate
19 Judge to conduct a settlement conference in **OCTOBER or**
20 **NOVEMBER of 2010**.  Counsel will be contacted by that judge's
21 chambers with a date and time for the conference.
22 5.   PRETRIAL CONFERENCE
23    Not less than thirty days prior to the date of the
24 pretrial conference, the parties shall meet and take all steps
25 necessary to fulfill the requirements of this Order.
26    Not less than twenty-one days prior to the pretrial
27 conference, the parties shall: (1) serve and file a joint
28 pretrial statement, containing the information listed in

3

1 **Attachment 1**, and a proposed pretrial order; (2) serve and
2 file trial briefs, Daubert motions, proposed findings of fact
3 and conclusions of law, and statements designating excerpts
4 from discovery that will be offered at trial (specifying the
5 witness and page and line references); (3) exchange exhibits,
6 agree on and number a joint set of exhibits and number
7 separately those exhibits to which the parties cannot agree;
8 (4) deliver all marked trial exhibits directly to the
9 courtroom clerk, Ms. Yiu; (5) deliver one extra set of all
10 marked exhibits directly to Chambers; and (6) submit all
11 exhibits in three-ring binders.  Each exhibit shall be marked
12 with an exhibit label as contained in **Attachment 2**.  The
13 exhibits shall also be separated with correctly marked side
14 tabs so that they are easy to find.

15     No party shall be permitted to call any witness or offer
16 any exhibit in its case in chief that is not disclosed at
17 pretrial, without leave of Court and for good cause.

18     Lead trial counsel for each party shall meet and confer
19 in an effort to resolve all disputes regarding anticipated
20 testimony, witnesses and exhibits.  Not less than eleven days
21 prior to the pretrial conference, the parties shall serve and
22 file any objections to witnesses or exhibits or to the
23 qualifications of an expert witness, and any oppositions to
24 Daubert motions.  There shall be no replies.

25     A copy of all pretrial submissions, except for exhibits,
26 shall be e-mailed in WordPerfect or Word format to the
27 following address: bzpo@cand.uscourts.gov.

28     At the time of filing the original with the Clerk's

4

1  Office, two copies of all documents (but only one copy of the
2  exhibits) shall be delivered directly to Chambers (Room 15-
3  6688).  Chambers' copies of all pretrial documents shall be
4  three-hole punched at the side, suitable for insertion into
5  standard, three-ring binders.
6  Dated: February 24, 2010

                                    _____
                                          Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\CARTER V. DEUTSCHE BANK\PRETRIAL ORDER.wpd

5

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

6

```
1    made to resolve disputes over anticipated testimony,
     exhibits and witnesses.
2
              (A)   Witnesses to be Called. In
3                   lieu of FRCP 26(a)(3)(A), a
                    list of all witnesses likely
4                   to be called at trial, other
                    than solely for impeachment or
5                   rebuttal, together with a
                    brief statement following each
6                   name describing the substance
                    of the testimony to be given.
7
              (B)   Estimate of Trial Time. An
8                   estimate of the number of
                    court days needed for the
9                   presentation of each party's
                    case, indicating possible
10                  reductions in time through
                    proposed stipulations, agreed
11                  statements of facts, or
                    expedited means of presenting
12                  testimony and exhibits.

13            (C)   Use of Discovery Responses. In
                    lieu of FRCP 26(a)(3)(B), cite
14                  possible presentation at trial
                    of evidence, other than solely
15                  for impeachment or rebuttal,
                    through use of excerpts from
16                  depositions, from
                    interrogatory answers, or from
17                  responses to requests for
                    admission.  Counsel shall
18                  state any objections to use of
                    these materials and that
19                  counsel has conferred
                    respecting such objections.
20
              (D)   Further Discovery or Motions.
21                  A statement of all remaining
                    motions, including Daubert
22                  motions.

23       (4) Trial Alternatives and Options.

24            (A)   Settlement Discussion. A
                    statement summarizing the
25                  status of settlement
                    negotiations and indicating
26                  whether further negotiations
                    are likely to be productive.
27
              (B)   Amendments, Dismissals. A
28                  statement of requested or

                            7
```

                proposed amendments to pleadings or dismissals of parties, claims or defenses.

      (C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

| **USDC** <br> Case No. CV09-03033 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-03033 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
|---|---|
| **USDC** <br> Case No. CV09-03033 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-03033 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-03033 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-03033 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-03033 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-03033 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-03033 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-03033 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-03033 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-03033 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |