Glenn L. Moss (State Bar No. 44307)
Ann Murphy (State Bar No. 66947)
MOSS and MURPHY
1297 B Street
Hayward, CA 94541

Tel. 510-583-1155
Fax 510-583-1299

Attorneys for Plaintiffs
DEMONFORT CARTER and LEANDRA CARTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMONFORT R. CARTER, and
LEANDRA L. CARTER,

           Plaintiffs

vs

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
MORGAN STANLEY ABS CAPITAL
INC TRUST 2006-HE8, ITS
SUCCESSORS AND/OR ASSIGNS,
OLD REPUBLIC DEFAULT
MANAGEMENT SERVICES, A
DIVISION OF OLD REPUBLIC
NATIONAL TITLE INSURANCE
COMPANY, DOES 1 through 15,

           Defendants
_____/

Case No. CV09 3033 BZ

OPPOSITION TO MOTION TO
DISMISS [FRCP 12(b)(6)
FILED BY OLD REPUBLIC
ON MARCH 25, 2010

DATE: MAY 5, 2010
TIME: 10:00 A.M.
COURT: G [15TH FLOOR SF]

-1-

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I | INTRODUCTION | | 2 |
| II | FACTUAL SUMMARY | | 3 |
| III | PROPER SCOPE OF JUDICIAL NOTICE FOR A 12(b)(6) MOTION | | 5 |
| IV | OLD REPUBLIC IS A DEBT COLLECTOR WHICH HAS VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT [15 USC §1692] | | 10 |
| | A. | Trustees retained after a default to foreclose on real property interests must comply with the FDCPA | 10 |
| | B. | Old Republic breached its obligations under the FDCPA | 12 |
| | C. | The cases cited by Old Republic are distinguishable | 13 |
| V | PLAINTIFFS HAVE STATED A CLAIM FOR BREACH OF OLD REPUBLIC'S DUTIES UNDER RESPA [12 USC §2601 ET SEQ] | | 16 |
| VI | CONCLUSION | | 16 |

-1-

# TABLE OF AUTHORITIES.

## CASES

| Case | Page |
|------|------|
| Allen v. United Financial Mortgage Corp. (N.D.Cal 2010) 660 Fed 2d 1089 | 11, 15 |
| Bryant v. Avado Brands (11th Cir 1999) 187 Fed 3d 1271 | 10 |
| Burkett v. Key Bank (E.D.Ill 2001) 2001 US Dist LEXIS 6126, 45 UCC Rep Serv 2d 1201 | 13 |
| Bush v. Loanstar Mortgage Services (N.D. Cal 2003) 286 Fed Supp 2d 1210 | 11, 13 |
| Columbia Natural Resources v. Tatum (6th Cir 1995) 58 Fed 3d 1101 | 7 |
| Evans v. Sup Ct (Robbins) (1977) 67 Cal App 3d 162, 136 Cal Rptr 596 | 14 |
| Hartman v. Meridian Fin. Serv. Inc (W.D. Wis 2002) 191 Fed Supp 2d 1031 | 12 |
| Heinemann v. Jim Walter Homes (N.D. W Va. 1998) 47 Fed Supp 2d 716, affd (4th Cir 1999) 173 Fed 3d 850 | 11, 15 |
| Hulse v Ocwen Fed. Bank (D.Or. 2002) 195 Fed Supp 2d 1188 | 11, 15 |
| In re: Silicon Graphics Inc. Securities Litigation (9th Cir 1999) 183, Fed 3d 970 | 10 |
| Intri-Plex Technologies Inc. v Crest Group Inc (9th Cir 2007) 499, Fed 3d 1048 | 6 |
| Jordan v Kent Recovery Services (1990 Del) 731 F.Supp 652 | 13 |
| Kaltenbach v. Richards (5th Cir 2006) 464 Fed 3d 524 | 12 |
| Lovelace v Software Spectrum Inc (5th Cir 1996) 78 Fed 3d 1015, 1017-1018 | 10 |
| Pareto v. FDIC (9th Cir 1998) 139 Fed 3d 696 | 7 |
| Piper v Portnoff Law Assoc 396 F 3d 227 234 (3d Cir 2005) | 12 |

| | |
|---|---|
| Romea v. Heiberger & Assoc. 163 F3d 111 (2d Cir 1998) | 11 |
| Scott v Wells Farglo Home Mortgage Inc (E.D. VA 2003) 326 Fed Supp 2d 709 | 13 |
| Schlosser v. Fairbanks Capital Corp (7th Cir 2003) 323 Fed 3d 534 | 13 |
| Shapiro & Meinhold v. Zartman, 823 P 2d 120, 124 (Colo. 1992) | 12 |
| Vella v. Hudgens (1977) 20 Cal 3d 251, 142 Cal Rptr 414 | 14 |
| Wilson v. Draper & Goldberg PLLC (4th Cir 2006) 443 Fed 3d 373 | 11, 12 |

**STATUTES AND OTHER AUTHORITIES**

| | |
|---|---|
| Bus. & Prof. §17200 | 2 |
| Cal Commercial Code §9609 | 13 |
| Cal Code of Civ. Porc §1161(a)(3) | 14 |
| Cal Corporations Code §191(d)3), (7) | 8 |
| Federal Fair Debt Collection Practices Act [FDCPA] 15 USC §1692 | 10,11,12,13 |
| Fed Rules Civ. Proc. 12 (b)(6) | 5 |
| 28 USC §1292(b) | 2 |
| Real Estate Settlement Procedure Act [RESPA] 12 USC §2605 | 16 |
| Truth in Lending Act [15 USC §1601 et seq, TILA] | 7, 15 |
| 1 Bernhardt et al, Cal Deeds of Trust, Mortgages and Foreclosures, Ch 2 (Trustee Sales) CEB 2010 supp | 15 |
| 2 Friedman, et al, California Landlord Tenant Practice Guide ¶ 8:388, p 8-139 (Rutter Group 2009 Supp) | 14 |
| 1 Schwarzer, Federal Proc. Before Trial ¶9:219 at p 9-69 (Rutter Group 2009 | 6 |

MOSS & MURPHY
ATTORNEYS AT LAW
1297 B STREET
HAYWARD, CALIFORNIA 94541
(510) 583-1155

-3-

# I
# INTRODUCTION

Old Republic Default Management Services [Old Republic] raises objections to the Second Amended Complaint [SAC]. These objections were addressed in the Motions to Dismiss filed by co-defendant Deutsche Bank as Trustee. Many of the objections relate to the claims to cancel the deed [First Cause of Action] or Quiet Title [Second Cause of Action]. These claims are not against Old Republic. Also, the Court has already ruled that plaintiffs have stated a claim for a wrongful trustee sale based on the failure of MERS, as a foreign corporation, to qualify to do business in California [Doc. 49, issued Jan. 27 2010].

Old Republic had notice and an opportunity to participate in the briefing and arguments related to these prior motions to dismiss. Old Republic chose to remain silent. Old Republic cannot collaterally challenge the Court's decision to overrule these objections and allow plaintiffs to proceed. Its remedy is to seek a writ or leave to file an interlocutory appeal under 28 USC §1292(b).

Plaintiffs have accepted the ruling of the Court dismissing their Sixth Cause of Action. This claim alleged a violation of California Business & Professions Code §17200. For this reason, we are not responding to movant's crticism of the Sixth Cause of Action [P&A 12-14].

-2-

The only new issues raised in this motion are:

[1] What is the proper scope of judicial notice for this FRCP 12(b)(6) motion? In this connection, we ask the Court to consider all the documents produced by Deutsche Bank in its FRCP 12(b)(6) motion, as opposed to the selective request of Old Republic in the current motion.

[2] Did Old Republic breach its obligations as a debt collector under the Federal Fair Debt Collection Practices Act [FDCPA 15 USC §1692]?

[3] Has Plaintiff stated a cause of action for violations of the Real Estate Settlement Proceedures Act [RESPA 12 USC §2601 et seq]?

This Opposition will limit itself to these issues.

## II
## FACTUAL SUMMARY

In August, 2006 Mr. and Mrs. Demonfort Carter [Carter] acquired a home in Castro Valley as their principal residence. New Century Mortgage Company made a loan of approximately $925,000 to assist Carter in acquiring this home. New Century filed for bankruptcy in 2007 [SAC ¶2:25-27]. At no time did New Century or its bankruptcy trustee notify Carter of an assignment of the loans. Defendant asks the Court to take judicial notice of various documents. None of these documents establish that New Century or its bankruptcy trustee sold the Carter note and deed of trust to Deutsche Bank, MERS,

-3-

<(skip)></>
<(skip)></>

Saxon Mortgage or any other party seeking to dismiss the SAC.

New Century divided this loan into two parts. 80% was secured by a first deed of trust. The other 20% was secured by a second deed of trust. New Century divided the loan in this manner for three reasons: [1] To evade the California anti deficiency laws; [2] To evade, TILA disclosure rules[15 USC §1601 et seq, Truth in Lending Act]; and [3] To increase its fees and costs [SAC ¶3].

On 8/7/08 Mortgage Electronic Registration Systems [MERS--Delaware Corp] executed an Assignment of Deed of Trust [Deutsche Bank Request for Judicial Notice #7]. This document was recorded January 23, 2009 as Docuemnt 2009023130. However, at the time of this assignment MERS was not authorized to do business in California. The act of buying, selling, transferring and assignming deeds of trust on California property is a business. Such assignments are void if made by a company, like MERS, who was unable to do business in California [SAC ¶8]. Attached to the SAC is an exhibit which references the suspension of a California Corporation which plaintiffs have now learned is the wrong company. However, the basic allegations in the SAC remains true: The Delaware MERS named in the deed of trust never qualified to do business in California. Old Republic proffers no evidence questioning the truth of this allegation. Plaintiffs believe the analysis of MERS

-4-

in the Court's decision of January 27, 2010 is an accurate summary of the relevant facts and law.

On 8/7/08 MERS--Delaware Corp executed a Substitution of Trustees substituting Old Republic as trustee in place of the original trustee. This document was recorded 9/8/08 as Document 2008271296 [Deutsche Bank Request for Judicial Notice #4]. Old Republic proceeded to execute a Trustee Deed conveying title to Deutsche Bank as Trustee [Deutsche Bank Req. Jud Notice # 8].

Old Republic conducted an illegal trustee sale for the reasons summarized in the Fourth Cause of Action [¶1-28, inclusive]. The SAC alleges that Old Republic was a debt collector pursuant to the FDCPA. Paragraph 24 of the SAC alleges:

> "In particular, [Old Republic] became the sub-servicer of the security instrument after a default occurred. Moreover, Old Republic was hired after this default for the specific purpose of collecting on the obligation. The principal business of Old Republic is to collect debts which are secured by deeds of trust on real estate in California."

Paragraphs 25-28 of the SAC summarize specific violations of the FDCPA by Old Republic. The RESPA violations are set forth in the Third Cause of Action [SAC ¶1-23].

### III
### PROPER SCOPE OF JUDICIAL NOTICE FOR FRCP 12(b)(6) MOTIONS

Plaintiffs have no objection to the court considering the public documents attached by Deutsche Bank to its FRCP 12(b)(6) motion. We do object to the selective editing of the record by Old Republic.

It is our position that the court may take

-5-

judicial notice of the contents of recorded documents or public records if, and only if, the facts are not subject to reasonable dispute [Schwarzer, <u>Federal Proc. Before Trial</u> ¶9:219 at p 9-69 (Rutter Group 2009 citing to <u>Intri-Plex Technologies Inc. v. Crest Group</u> (9th Cir 2007) 499 Fed 3d 1048, 1052]. In this case, there is substantial dispute regarding the contents and truth of interpretations of many of the documents attached to this Motion to Dismiss. Thus, the documents must be analyzed separately to determine whether their contents are not subject to reasonable dispute.

Deutsche Bank and Old Republic establish their claims exclusively through MERS. They offer no evidence that they purchased the loan from the New Century bankruptcy trustee. Instead, the court responsible for this bankruptcy proceeding approved fraudulent transfer claims in the New Century bankruptcy [<u>In Re: New Century Financial Corporation. (Gold v. Morrice)</u> (C.D. Cal Dec 3 2008) 2008 WL 5147991, 588 Fed Supp 2d 1206]. Thus, it appears their is a factual issue whether Deutsche Bank as Trustee is servicer of the loan, as opposed to the owner of the loan. Plaintiffs are uncertain what interest, if any, Deutsche Bank has in the Morgan Stanley ABS Capital Inc Trust 2006-HE8, its successors and assigns. Presumably, this information will be supplied in the Rule 26 disclosures.

Neither did New Century or its bankruptcy trustee recorded a substitution of trustees. Instead,

Deutsche Bank and its trustee, Old Republic Default Management Co, recorded a trustee deed. Old Republic was appointed trustee through MERS. However, MERS lacked the capacity to make the appointment. Paragraph 24 of the Deed of Trust provides that only the lender can change trustees [Deutsche Bank Req. Jud. Not Exhibit 1]. The lender is New Century, not MERS. The motion asks the Court to ignore paragraph 24 of Exhibit 1, and concentrate on the penultimate paragraph on page 3. This is improper. When a document is capable of more then one interpretation or inference, the court must adopt whichever one supports a valid claim [<u>Columbia Natural Resources v. Tatum</u> (6th Cir 1995) 58 Fed 3d 1101, 1109; <u>Pareto v. FDIC</u> (9th Cir 1998) 139 Fed 3d 696, 699]. We agree the Court can take judicial notice of the deed of trust because there is no dispute over the contents of the document.

    Deutsche Bank Exhibit 6 is the assignment of the note and deed of trust by MERS. Plaintiffs agree the Court may take judicial notice of the fact that the document was recorded. The Court should not take judicial notice of the truth of the representations made by Deutsche Bank and its assignee in Exhibit 6. Moreover, this Assignment of Deed of Trust does not support defendant's position for five reasons.

    First, MERS lacked the power to do business in California and transferring notes and deeds of trust is a business. There is a factual issue whether MERS is the

-7-

company identified in Carter's Complaint at Exhibit B or in Exhibit 10 of this motion. This conflict should be resolved in favor of the Complaint.

Contrary to defendant's argument, MERS is not exempt from registration and payment of taxes on the basis of California Corporations Code §191(c)7 and 191(d)(3). MERS does not qualify for either exemption.

Section 191(c)(7) exempts foreign corporations that create evidences of debt or security interests. There is no allegation in the Complaint or the Motion that MERS was either "creating" evidences of debt or security interests. On the contrary. The evidence of the debt and security interest was created by New Century [Exhibit 1, SAC ¶2]

Neither does MERS qualify for exemption under section 191(d)(3). This provision exempts foreign lending institutions enforcing loans by judicial or non-judicial trustee sales from the California franchise taxes and general corporate taxes.. This exemption applies only to "lending institutions". There is no allegation in the Complaint or the 12(b)(6) Motion that MERS is a "lending institution". The deed of trust attached as Exhibit 1 to the motion identifies New Century as the "Lender". MERS is merely a "nominee" of this lender [Exhibit 1 ¶ E, p3]. Thus, the evidence from defendant supports the SAC allegations that Deutsche Bank acquired title at a wrongful trustee sale [SAC, Fifth Cause of Action].

-8-

Second, Defendants Exhibit 6 provides that MERS is acting as the nominee for Saxon Mortgage Services Inc. However, Exhibit 1 provides that MERS is the nominee of the "Lender"[¶E, page 2, Exhibit 1]. The term "Lender" is defined as "New Century Mortgage Corporation [Exhibit 1, ¶C page 1]. Saxon Mortgage Services Inc is not mentioned in Exhibit 1. There is no evidence that the New Century bankruptcy trustee sold this loan to Saxon Mortgage Services.

Third, there is no evidence that Deutsche Bank is the "present beneficiary" as stated on Exhibit 6. In fact, this language is contradicted by Exhibit 1. Paragraph E on Exhibit 1 identifies MERS as the beneficiary on the deed of trust pursuant to a nomination from New Century, as Lender. No evidence has been provided to establish that New Century or its bankruptcy trustee ever nominated Deutsche Bank as the "present beneficiary".

Fourth, there is no evidence MERS or Saxon Mortgage Services ever owned the actual Note. These entities cannot transfer ownership of the actual Note if they never owned it. This note became an asset of the New Century bankruptcy case. Only the bankruptcy trustee had the power to sell or otherwise transfer this note.

Fifth, the Court should not take judicial notice of the truth of the representations in Exhibit 6. This Exhibit is obviously a form document. It refers to the "note or notes therein created and secured thereby".

-9-

1  Thus, it is unclear whether this assignment allegedly
2  conveyed both notes, or only one of the two notes created
3  in the initial transaction [Cf: SAC ¶2-5]. The Court
4  should not take judicial notice of the contents of this
5  document. Exhibit 6, itself, is ambiguous regarding what
6  obligations were allegedly conveyed. Moreover, there is
7  nothing in the document to indicate any value was paid
8  for this transfer. In these circumstances, the Court can
9  take judicial notice that the document was recorded and
10 that the contents represent the views of defendants.
11 However, the Court should NOT take judicial notice of the
12 truth of the representations in this document [In re:
13 Silicon Graphics (9th Cir 1999) 183 Fed 3d 970, 986;
14 Bryant v. Avado Brands Inc (11th Cir 1999) 187 Fed 3d
15 1271, 1278; Lovelace v Software Spectrum Inc (5th Cir
16 1996) 78 Fed 3d 1015, 1017-1018]. The truth of the
17 representations in Exhibit 6 are contested and ambiguous.
18 Evidence will be required to determine the truth of the
19 views stated.

## IV
## OLD REPUBLIC IS A DEBT COLLECTOR WHICH HAS VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT [15 USC §1692]

Movant argues that the FDCPA does not apply to efforts of MERS and its illegally appointed trustee to collect the balance due on the note and deed of trust [P&A 8-11]. Not true.

**A. Trustees retained after a default to foreclose on real property interests must comply with the FDCPA.**

Companies retained to conduct non-judicial

-10-

trustee sales are required to comply with the FDCPA [15 USC §1962(a)(6), Bush v Loanstar Mortgagee Services (N.D. Cal 2003) 286 Fed Supp 2d 1210; Allen v United Financial Mortgage Corp (N.D. Cal 2010) 660 Fed Supp 2d 1089]. Loan servicers who acquired their servicing obligations after the debt was in default are covered by the FDCPA [15 USC §1692(a)(6)(F)(iii)].

    MERS installed Old Republic as a sub-servicer after MERS believed a default had occurred. Old Republic then tried to collect the debt. The pursuit of foreclosure proceedings on a mortgage or deed of trust is "debt collection". Thus, Old Republic must comply with the FDCPA [Wilson v. Draper & Goldberg PLLC (4th Cir 2006) 443 Fed 3d 373].

    Plaintiff acknowledges that some courts have held that the FDCPA does not apply to some foreclosure efforts [Hulse v Ocwen Fed. Bank (D.Or. 2002) 195 Fed Supp 2d 1188; Heinemann v. Jim Walter Homes (N.D. W Va. 1998) 47 Fed Supp 2d 716, affd (4th Cir 1999) 173 Fed 3d 850]. However, the analysis in these decisions was rejected by a later Fourth Circuit opinion in Wilson v. Draper & Goldberg PLLC, supra with the following holding:

> Wilson's "debt" remained a "debt" even after foreclosure proceedings commenced. See Piper v Portnoff Law Assoc 396 F 3d 227 234 (3d Cir 2005)....Furthermore, Defendants' actions surrounding the foreclosure proceeding were attempts to collect that debt. see Romea v. Heiberger & Assoc. 163 F3d 111, 116 (2d Cir 1998)....Wilson v. Draper & Goldberg PLLC, supra, Shapiro & Meinhold v. Zartman, 823 P 2d 120, 124 (Colo. 1992). A foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt."

-11-

       Wilson v. Draper & Goldberg PLLC, supra at 443 Fed 3d 476.

    The Fifth Circuit has joined the analysis summarized above of the Second Circuit, Third Circuit, Fourth Circuit and Colorado in concluding foreclosure trustees are liable for failing to comply with the FDCPA [Kaltenbach v. Richards (5th Cir 2006) 464 Fed 3d 524].

    **B.  Old Republic breached its obligations under the FDCPA.**

    The SAC alleges that Old Republic conducted a trustee sale and recorded a trustee deed without lawful authority. Such conduct violates the FDCPA. In particular this statute prohibits a debt collector from any false, deceptive of misleading representation [15 USC §1692(e)]; Threatening to take or taking actions that can not legally be taken [15 USC §1692(e)(5)].

    In addition, within 5 days of the initial communication with the debtor, the foreclosing trustee must send the debtor a notice that states the amount of the debt and identifies the creditor to whom the debt is owed [15 USC §1692(g)(a); Hartman v. Meridian Fin. Serv. Inc (W.D. Wis 2002) 191 Fed Supp 2d 1031, 1044--granting summary judgment when servicer did not send this validation notice]. The notice must also advise the debtor that he has a right to dispute the claimed balance and require the collector [Old Republic] to provide verification of the claimed balance due [15 USC §1692(g)(a), Schlosser v. Fairbanks Capital Corp. (7th

-12-

Cir 2003) 323 Fed 3d 534,536--reversing dismissal of suit alleging servicer failed to give notice of right to dispute the debt]. This right is of particular importance in this case since the creditor has claimed substantially more then was actually owed on the debt.

**C. The cases cited by Old Republic are distinguishable.**

<u>Scott v Wells Farglo Home Mortgage Inc</u> (E.D. VA 2003) 326 Fed Supp 2d 709 was prosecuted by plaintiffs, <u>pro se.</u> Thus, it is not surprising plaintiffs failed to call the court's attention to cases such as <u>Bush v. Loanstar Mortgage Services</u>, <u>supra</u>. Moreover, the case was decided three years before the Fourth Circuit decided <u>Wilson v. Draper & Goldberg PLLC</u>, <u>supra</u>. Thus, <u>Scott v Wells Farglo Home Mortgage Inc, supra</u>, is not good law even in the Fourth Circuit.

Movant also cites two cases involving repossession of automobiles [<u>Burkett v. Key Bank</u> (E.D.Ill 2001) 2001 US Dist LEXIS 6126, 45 UCC Rep Serv 2d 1201 and <u>Jordan v Kent Recovery Services</u> (1990 Del) 731 F.Supp 652, 1990 US Dist LEXIS 2309]. These cases observe that the clients of automobile repossession companies have a present right to possession of the vehicle without any judicial intervention. This right is codified in Article 9 of the UCC [see gen: Cal Commercial Code §9609]. This statutory scheme for enforcement of security interests in personal property differs substantially from that invoving real property. Among the many differences

-13-

between automobile repossessions and real estate non judicial foreclosure are the following:

    1. The creditor does not acquire a right to possession through a non judicial foreclosure. Only title transfers. The successful bidder at the trustee sale must then bring a judicial action to recover possession [CCP §1161(a)(3)]. In this judicial action, the plaintiff has the burden of proving that its title was "duly perfected". This allows the prior owner the opportunity to challenge many aspects of the non-judicial trustee sale process. Establishing this title is now part of the prima facie case of the creditor [Friedman, et al, <u>California Landlord Tenant Practice Guide</u> ¶ 8:388, p 8-139 (Rutter Group 2009 Supp), citing <u>Vella v. Hudgens</u> (1977) 20 Cal 3d 251, 255, 142 Cal Rptr 414, 416; <u>Evans v. Sup Ct (Robbins)</u> 1977 67 Cal App 3d 162, 169, 136 Cal Rptr 596, 600-601]. Due process mandates that borrowers have the opportunity to introduce their own evidence to establish that the title of the bank was not "duly perfected".

    2. Consumer protection laws such as RESPA [12 USC §2601 et seq] apply to conduct of businesses servicing real estate loans. These laws are inapplicable to companies servicing or foreclosing automobile loans.

    3. The automobile repossessers actually acquire possession of the collateral and are responsible for its safe keeping. In contrast, companies such as Old Republic do not secure possession of the collateral and

-14-

are not responsible for its safe keeping.

4. Automobile repossessors do not generally use the mails or instrumentatities of interstate commerce. In contrast, Old Republic and other foreclosure companies are required to use the mail to serve the notice of default and notic of sale [Cal Civil Code §2924, see gen 1 Bernhardt Cal Mortgages Deeds of Trust and Foreclosures, Chapter 2, Trustee Sales, (CEB 2010 Supp)].

For each of these reasons, we submit that cases related to automobile repossession companies are immaterial to the instant case.

In addition, movant cites a variety of other cases which rely on the discredited analysis in Hulse v Ocwen Fed. Bank , supra and; Heinemann v. Jim Walter Homes, supra. Plaintiffs ask the Court to follow the lead of the Second, Third, Fourth and Fifth Circuit Courts of Appeal. These appellate decisions all found that the non judicial enforcement of a real estate security instrument is "debt collection". The company performing this work must comply with the FDCPA [Allen v United Financial Mortgage Corp, supra]. Significantly, movant cites to no appellate decisions holding it is exempt from the FDCPA.

### V
### PLAINTIFFS HAVE STATED A CLAIM FOR BREACH OF OLD REPUBLIC'S DUTIES UNDER RESPA [12 USC §2601 ET SEQ]

RESPA defines a servicing as the receipt of the money due from the borrower and making the payments received from the borrower as required pursuant to the

terms of the loan [12 USC §2605(i)(3)]. This is precisely what Old Republic was hired to do. In particular, it served a Notice of Default on plaintiffs seeking the money it believed was due. Upon receipt, Old Republic would pay the money as required by the terms of the loan.

As a loan servicer, Old Republic had a duty to provide a meaningful toll free number to respond to inquiries from the borrowers. Also, it had a duty to respond to Qualified Written Requests for an explanation regarding the amount due [12 USC §2605(e)]. The SAC alleges defendants breached these obligations. Without citing any authority, Old Republic alleges it is not a sub-servicer. It also alleges the SAC fails to provide adequate specificity regarding the breaches. Neither of these arguments has any merit.

## VI

## CONCLUSION

Old Republic is not entitled to collaterally attack the decision resolving the FRCP 12(b)(6) motions previously made by its co defendant. Old Republic's counsel even represents Deutsche Bank in the state court portion of this lawsuit. The Court should not treat this new motion as a Motion for Reconsideration of its prior order.

-16-

With respect to the new issues, the motion should be denied. An Answer should be ordered within 10 days.

DATED: March 31, 2010.          MOSS & MURPHY

By *[signature]*
Glen L. Moss

x/carter.fed

-17-