UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMONFORT R. CARTER and
LEANDRA L. CARTER,
        Plaintiff(s),

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, et al.,

        Defendant(s).

No. C09-3033 BZ

**ORDER GRANTING IN PART AND DENYING IN PART REPUBLIC'S MOTION TO DISMISS**

    Before the Court is defendant Old Republic Default Management Services' ("Republic") motion to dismiss four claims from plaintiffs' second amended complaint. The parties are well aware of the factual background of this litigation. See Doc. No. 49. Plaintiffs, whose home was sold at a foreclosure sale, allege that defendants Deutsche Bank and Old Republic wrongfully foreclosed on their property in violation of several statutes.

**RESPA**

    Republic argues that it cannot be held liable under RESPA

1

because it is a foreclosure trustee, not a loan servicer.[1] However, the complaint alleges that "Deutsche Bank was servicing the loan and transferred at least some of these servicing obligations to Old Republic.[2]" Compl. ¶ 21. Republic has provided no authority which states that a foreclosure trustee cannot also be a loan servicer under RESPA. Plaintiffs' factual allegations are presumed true for this motion to dismiss and Republic has given no reason, by judicial notice[3] or otherwise, why it cannot be held liable under RESPA as a matter of law. See <u>Ashcraft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

**FDCPA**

Republic next argues that the Fair Debt Collections Practices Act ("the Act") claim should be dismissed because the Act does not apply to foreclosure trustees. The Act applies to (1) "debt collectors" that (2) violate the statute.

---

[1] "The term 'servicer' means the person responsible for servicing of a loan . . . . The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C.A. § 2605(i)(2), (3).

[2] Republic's allegations that plaintiffs are "fabricating its status as a sub servicer" are better addressed on a motion for summary judgment. Many of Republic's arguments are factual in nature, which render them unsuitable for disposition on a motion to dismiss.

[3] The Court takes judicial notice of the exhibits submitted by Republic. However, plaintiffs are correct in asserting that if the truth of the contents of the documents is in dispute, then the Court should not presume their truth, especially documents to which plaintiffs are not parties, such as Exhibit C.

2

1    Plaintiffs allege that Republic is a "debt collector" and that
2    its "principal business" is to "collect debts which are
3    secured by deeds of trust on real estate in California."
4    Compl. ¶ 24.  Specific to this case, "Old Republic was hired
5    after this [plaintiffs'] default for the specific purpose of
6    collecting on the obligation."  Id.  Republic disputes that it
7    is a debt collector but, once again, such a factual dispute
8    cannot be resolved on a motion to dismiss.

9        Republic does not dispute that plaintiffs have adequately
10   alleged a violation of the Act and instead argues that the
11   FDCPA can never apply to foreclosure trustees.  Republic
12   relies on cases such as <u>Scott v. Wells Fargo Home Mortgage,</u>
13   <u>Inc.</u>, 326 F.2d 709, 718 (E.D.V 2003), which hold that someone
14   who acquires the right to foreclose on property before default
15   does not thereafter act as a debt collector when foreclosing.
16   See 15 U.S.C. § 1692a(4).  Here however plaintiff has
17   specifically alleged the "Republic was hired after this
18   default for the specific purpose of collecting on the
19   obligation." (¶ 24).

20       The bright line rule Republic asserts does not exist.
21   There is no controlling Ninth Circuit authority on this issue.
22   However, some district courts in this Circuit, and courts in
23   other circuits have held that a foreclosure trustee may be
24   sued under the Act.  See <u>e.g.</u>, <u>Wilson v. Draper & Goldberg</u>
25   <u>PLLC</u>, 443 F.3d 373 (4th Cir. 2006); <u>Kaltenback v. Richards</u>,
26   464 F.3d 524, 528-29 (5th Cir. 2006).  For example, in <u>Allen</u>
27   <u>v. United Financial Mortgage Corp.</u>, the court held that a
28   plaintiff adequately stated a debt collection claim against a

3

1  foreclosure trustee.  2010 WL 1135787 (N.D.Cal. 2010); but see
2  <u>Hulse v. Ocwen Fed. Bank, FSB</u>, 195 F.Supp 2d 1188 (D.Or. 2002)
3  (holding that foreclosure is not debt collection under the
4  FDCPA).

5      Inasmuch as the complaint will proceed toward trial, this
6  claim will not be dismissed.  It will not greatly add to the
7  burden of litigating this case and the Ninth Circuit may yet
8  rule on whether the Act applies to foreclosure trustees.

9      **WRONGFUL TRUSTEE SALE**

10     The Court has already ruled on many of the arguments
11 raised against this cause of action by Order dated January 27,
12 2010.  Doc. No. 49.  As to the remaining arguments, Republic
13 misunderstands plaintiffs' claim.  Plaintiffs have not alleged
14 a procedural irregularity with the foreclosure sale; rather,
15 plaintiffs alleged that Republic (1) demanded excessive,
16 unwarranted amounts in the notice of default, (2) did not have
17 the legal right to conduct the sale, and (3) did so
18 collusively and fraudulently.  As discussed at a hearing on
19 December 2, 2009 that Republic declined to attend, the Court
20 is unaware of any requirement, and Republic has cited to none,
21 that a plaintiff must tender if the complaint alleges fraud or
22 a substantive irregularity.  While a tender may be required
23 when a plaintiff alleges a procedural irregularity, that is
24 not the theory that plaintiffs advance in their complaint.

25     **SECTION 17200**

26     Republic's motion to dismiss plaintiffs' Section 17200
27 claims is **GRANTED** as unopposed.
28 ///

4

**CONCLUSION**

**IT IS ORDERED** that Republic's motion to dismiss plaintiffs' **SIXTH** cause of action is **GRANTED**.  Republic's motion to dismiss the remaining causes of action is **DENIED**. Republic **SHALL** file an answer by **MAY 19, 2010.**

Dated: May 7, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CARTER V. DEUTSCHE BANK\DISM ORDER.wpd